JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
Defendant-appellant Andrei Meadows was indicted for possession of cocaine. The cocaine was recovered during a search of Meadows pursuant to his arrest for criminal trespass. Meadows filed a motion to suppress the cocaine, which the trial court overruled. He then pleaded no contest, was found guilty, and was sentenced.
Meadows has appealed, raising two assignments of error, which allege that the trial court erred in overruling his motion to suppress evidence because the police officer did not have probable cause to arrest him for criminal trespass.
The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within the police officer's knowledge were sufficient to warrant a prudent individual in believing that the accused had committed or was committing an offense. See State v. Davenport (July 30, 1999), 1st Dist. No. C-980516; State v. Williams (Sept. 18, 1998), 1st Dist. No. C-970994.
The arresting officer testified that police regularly received complaints of trespassing from the Dairy Mart located at 1110 East McMillan Street. The officer had responded to at least fifty Dairy Mart trespassing complaints in the past two years. According to the officer's testimony, Dairy Mart had "no loitering or trespassing" signs located on the front of the store.
The officer testified that when she pulled into the Dairy Mart parking lot, about ten or twelve males were standing near the side of the store. After pulling into the lot, the officer waited two or three minutes to allow the men to disperse. All but three of the men left the area. Meadows was one of those remaining. When the officer approached the three men and asked what they were doing, Meadows became argumentative. The officer asked Meadows why he was there and explained that he appeared to be trespassing. Meadows stated that he had made a purchase at the Dairy Mart and that he was waiting for a friend to pick him up. When the officer asked Meadows what he had bought at the store, he answered, "Whatever." Meadows did not produce a receipt. Meadows was then arrested for criminal trespass and transported to the Hamilton County Justice Center. During a search at the Justice Center, cocaine was found rolled up in Meadows's pants under his belt. We hold that the facts and circumstances within the police officer's knowledge were sufficient to warrant a prudent individual in believing that Meadows had committed or was committing criminal trespass. See id.; State v. Ham (Dec. 31, 1998), 1st Dist. No. C-971024. The assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan and Gorman, JJ.